JENKINS v. STATE.*

(In Banc.   Feb. 21, 1927.)

[111 So. 433.   No. 26238.]

WITNESSES. *Physician's privilege against testifying as to facts learned in employment may be waived in criminal case; consent of grandmother in loco parentis held waiver under statutes so as to make admissible physician's testimony as to condition of twelve year old rape victim. (Hemingway's Code, section 6380 [Code 1906, section 3695]).*

Under section 6380 of Hemingway's Code (section 3695, Code of 1906), making the evidence of a physician as to matters learned in his employment privileged, at the option of the patient the privilege may be waived in a criminal prosecuton, although the child in whose favor the privilege exists is only twelve years of age, if it be for her interest to do so.  The facts in this case examined, and held to constitute a waiver, making such evidence admissible.

---

*Corpus Juris-Cyc. References: Rape, 33Cyc, p. 1422, n. 45 New; p. 1424, n. 71; p. 1454, n. 23. Witnesses, 40Cyc, p. 2397, n. 63; p. 2398, n. 66; p. 2399, n. 71; p. 2402, n. 94. On waiver of privilege as to communication between and patient, see annotation in 48 L. R. A. (N. S.) 395; 28 R. C. L. 542, et seq.; 4 R. C. L. Supp. 1828; 5 R. C. L. Supp. 1545.

APPEAL from circuit court of Coahoma county, Second district.

HON. W. A. ALCORN, JR., Judge.

Hezekiah Jenkins was convicted of rape, and he appeals.  Affirmed.

*Rice & Crisler,* for appellant.

The state introduced Dr. J. W. Gray to testify as to the condition of the prosecutrix's body, etc., to which we objected.  How and on what theory could Mary Rich, a grandmother of this girl, waive the rights of this girl?

340   JENKINS *v.* STATE.   [Sup. Ct.

Opinion of the Court.   [146 Miss.

The supreme court of Mississippi has held innumerable times that such can be done only by the party. Section 6380, Hemingway's Code (section 3695, Code of 1906); *Davenport* v. *State,* 108 So. 433.

As to the right of the grandmother to waive the privilege for her granddaughter, see: 37 Miss. 383; 2 Mor. St. Cas. 1303; 44 Miss. 731; 2 Mor. St. Cas. 1700; 2 Miss. 216; 37 Miss. 331; 34 Am. Rep. 449; 37 Miss. 357. For authorities under the statute as to the physician's testifying, see: 108 So. 433; 126 Miss. 260; 90 So. 440; 97 So. 484; 97 So. 530; 102 So. 769; 106 So. 753.

*W. A. Scott, Jr.,* Special Agent, for the state.

The appellant strenuously insists that the court committed grave error in permitting Dr. Gray to testify concerning the physical condition of the prosecutrix. The court stated that if Mary Rich consented the testimony would be admissible. Appellant raises the objection that Mary Rich could not waive a privilege that is personal to Mary Lillie Bracy, and on the ground that Mary Lillie Bracy has never waived the privilege, states that the entire testimony of Dr. Gray is incompetent. In this connection, it must be remembered that the prosecutrix at the time of the trial was a girl only twelve years of age and it is reasonable to presume that she was totally incapable of realizing what a waiver of her rights meant. Under *Davenport* v. *State,* 108 So. 433, such a condition will not be tolerated. The reasoning in the foregoing decision is that the statute was enacted for the benefit of the patient and not for the protection of a criminal, a third party who was not concerned with the relation.

ETHRIDGE, J., delivered the opinion of the court.

Hezekiah Jenkins, the appellant, was indicted and convicted of the crime of rape upon the person of Mary Lillie Bracy, a child under the age of twelve years.

The testimony for the state shows that the offense was committed about the 26th day of August, 1921, and that a warrant was issued for the appellant shortly after said date, but he was not found and not indicted until February, 1926. Most of the time between the said dates was spent by the appellant outside of the limits of the state of Mississippi. The little girl, at the time of the alleged offense, was between seven and eight years of age, and was twelve years old at the time of the trial.

She testified that on the 26th day of August, 1921, she was at the home of her grandmother, with whom she lived; that her grandmother was away at the time of the crime, attending church, and that the appellant came through a window into the house where she was, and assaulted her, lacerating her, and then threatening her with death if she told; that, after accomplishing his purpose, he left, and she did not see him any more until shortly before the trial; that, when her grandmother returned, she did not make complaint, but that on the day the offense was charged she communicated the fact to a neighbor, a child, and, through the mother of that child, the information was conveyed to her grandmother; that the grandmother received this information on Monday after the Saturday on which the offense occurred; that she examined the child, and found her lacerated, whereupon she carried her to a physician for examination, and he testified, over the objection of the appellant, to the character of the injuries to the child, and to the further fact that the child had become infected with gonorrhea.

The grandmother of the child was offered as a witness, but, on objection, was not permitted to state what the child had told her about the alleged offense at the time; but she was permitted, over objection, to testify that upon her return home she sent the child out in the yard to a clothesline to get some clothes, and, noticing that she walked peculiarly, asked her what was the matter with her, and the child replied, "Nothing," and that, when

she was informed as to what was the matter with the child, she made a personal examination of her, and testified as above stated.

When the doctor was placed upon the stand to testify, the appellant objected, but the judge stated that he thought it would be all right if the grandmother, who employed the doctor, and who stood *in loco parentis* to the child, consented; whereupon the grandmother did consent. The doctor stated that he was a great stickler for privileged communication between a physician and his patient, and that he did not want to testify, unless he was compelled to do so, which evidence, upon the consent of the grandmother of the prosecuting witness, the judge ruled was admissible. The doctor then stated that he merely wanted to reserve the privilege, but that he had no objection to relating the facts, and he testified as above stated.

The assignment of error is the principal one relied on, and the most serious one in the case. It is argued that, under section 6380, Hemingway's Code (section 3695, Code of 1906), the evidence is incompetent, because only the child could consent to the privilege being waived, and that the child was incapable of waiving the privilege on account of her age, and that she did not, in fact, waive it, and that the grandmother, who stood in the relation of parent to the child, had no right to waive it. In *Davenport* v. *State* 143 Miss. 121, 108 So. 433, 45 A. L. R. 1348, the court was called upon to decide the question as to whether the evidence of a physician who treated a person deceased could be received in evidence over the objection of the appellant. The case was affirmed by an equally divided court, and this question was decided again by the same division of court in the case of *Whip* v. *State,* 143 Miss. 757, 109 So. 697, though no mention of the question was made in the opinion.

In the present case the majority of the court are of the opinion that there was a waiver on the part of the child, taking all the facts and circumstances into consid-

eration.  The child appeared and testified as a witness
for the state for an injury inflicted upon her by the
appellant, and was a prosecuting witness seeking to con-
vict the appellant for the injury sustained by her.  She
interposed no objection when the evidence was offered,
and was in the court as a witness; and her grandmother
expressly waived, in so far as she could do so, the ques-
tion of privilege.  The girl had reached the age of twelve,
and her testimony in the record shows that she was an
intelligent witness, fully competent to testify and under-
stand all of the questions asked by both the counsel for
the prosecution and counsel for the defense.  It was a
case where it was to the interest of the child to have the
testimony admitted for the purpose of securing a con-
viction and redressing the injury inflicted upon her.
There are many cases in which the rights of minors in
courts are to be enforced through suits brought in their
behalf either by their guardians or by those acting as
next friend for them, and there must be in the very na-
ture of the case in such cases, a power to consent to the
admission of evidence, where it is competent and receiv-
able in order to vindicate the rights of such child; and,
where the evidence is favorable to the interest of the
person in whose favor the privilege exists, and where
the child and those acting for it and looking after its in-
terest desire the use of such testimony, we see no objec-
tion to holding that the privilege can be waived.  We
think it was waived by the facts and circumstances exist-
ing in this record, although there was no expressed dec-
laration to that effect by the child.  It is not necessary
to now determine what the effect of the admission would
be if the evidence was hostile to the interest of the child,
even though it was sought to be admitted by those acting
for it.  We think, therefore, there was no reversible er-
ror committed in this case by admitting such testimony.

It is next contended that the court erred in grant-
ing an instruction for the state in the following language:

"The court instructs the jury for the state that it is not incumbent on the state to prove previously chaste character in a female child under the age of twelve years who is alleged to have been raped.

"The court further instructs the jury for the state that a female child under the age of twelve years cannot legally consent to the act of sexual intercourse.

The court still further instructs the jury for the state that, in the trial of an individual charged with rape of a female child under the age of twelve years, it is not incumbent upon the state to prove that the private parts of the female child had been penetrated, where it is shown that the private parts of the said child have been lacerated or torn in the attempt to have carnal knowledge of her.

"Therefore the court instructs the jury for the state in this case that, if the jury believe from the evidence in this case beyond reasonable doubt that the defendant, Hezekiah Jenkins, lacerated and tore the private parts of Mary Lillie Bracy, a female child under the age of twelve years, in an attempt to have carnal knowledge of her, then the jury should find the defendant guilty as charged, even though the jury may believe that the private parts of the said Mary Lillie Bracy were not penetrated by the defendant herein, and even though the jury may believe that the said Mary Lillie Bracy had previously had sexual intercourse with other individuals, and even though the jury may still further believe that Mary Lillie Bracy consented to sexual intercourse with the defendant herein."

In the statute denouncing the offense, it is expressly provided that it is unnecessary to prove penetration, where there is laceration of the private parts of the female injured.

We find no error in the other instructions; and the judgment will be affirmed.

*Affirmed.*